UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. TIDWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANNE MARIE SCHUBERT,<br><br>　　　　　Defendant. | No.  2:19-cv-0212 DB P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**I.    Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.   Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.  Plaintiff's Allegations**

Plaintiff brings this suit seeking injunctive and declaratory relief in the form of an order to defendant Anne Marie Schubert, presumably in her official capacity as the Sacramento County

District Attorney, to release DNA evidence collected in plaintiff's underlying criminal case, State of California v. Juan M. Tidwell, Sacramento Superior Court Case No. 05F08989; this underlying case resulted in a conviction and a sentence that plaintiff continues to serve. Plaintiff initiated this federal case to challenge the state court's 2016 denial of his California Penal Code § 1405 request for post-conviction evidence. His request was denied following opposition by the Sacramento County District Attorney's office, which argued that plaintiff had not met the statutory requirements for release of the evidence.

This is plaintiff's fifth attempt seeking the release of the DNA evidence. He initially sought the evidence unsuccessfully by way of a petition for writ of habeas corpus in the state courts. He then filed a request for the DNA evidence pursuant to Section 1405 (referenced above). In January 2018, plaintiff initiated another action in the Sacramento County Superior Court, case No. 34-2018-00224880. Plaintiff admits that this state action is pending, but he claims that he filed a motion to stay in that court to pursue this federal action. Lastly, plaintiff served a California Public Records Act request on the California Department of Justice's Bureau of Forensic Services and on Sacramento Laboratory of Forensic Services; both of which were denied.

Plaintiff's case here is brought pursuant to the due process clause of the Fourteenth Amendment. Plaintiff claims that defendant Schubert has a policy of refusing to release biological evidence, that California Penal Code § 1045 and § 1054.1(e)-(f) confer a liberty interest on plaintiff, and that Schubert's refusal to release the evidence constitutes an atypical and significant hardship on him because he cannot seek relief from his conviction and/or sentence without the evidence.

**IV. Discussion**

  **A. Younger Abstention**

Plaintiff's complaint identifies a proceeding in the Sacramento County Superior Court against the same defendant in this case and seeking the same form of relief. In general, federal courts are required to abstain from interfering on ongoing state matters. Younger v. Harris, 401 U.S. 37, 43-45 (1971). Although Younger dealt with a criminal prosecution, the Supreme Court

3

has extended the abstention principles to civil actions. <u>Middlesex County Ethics Comm. v. Garden State Bar Assoc.</u>, 457 U.S. 423, 432 (1982); see also <u>Potrero Hills Landfill, Inc. v. County of Solano</u>, 657 F.3d 876, 882 (9th Cir. 2011).

The <u>Younger</u> abstention doctrine applies if four conditions are met: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." <u>San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose</u>, 546 F.3d 1087, 1092 (9th Cir. 2008).

First, plaintiff has admitted that there is a state-initiated proceeding, and there is no claim that it has been dismissed. Second, the release of postconviction DNA evidence implicates important state interests. See <u>Peterson</u>, 708 F.2d at 466; <u>Hernstadt</u>, 373 F.2d at 217. Third, there is no showing plaintiff could not challenge the holdings of the state court with an appeal. Finally, plaintiff's complaint seeks to insert the federal court into the ordinary course of state proceedings and, if permitted, would threaten the autonomy of the state court.

Thus, the Court finds plaintiff's claims appears to be barred by the <u>Younger</u> abstention doctrine.

**B.     The Rooker-Feldman Doctrine**

Plaintiff's claim is also not cognizable pursuant to the Rooker–Feldman doctrine to the extent plaintiff contends the state courts erred in rejecting his claims for postconviction discovery. See <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); see also <u>Exxon Mobil Corp. v. Saudi Basic Industries, Inc.</u>, 544 U.S. 280, 284 (2005) (Rooker–Feldman doctrine applies to bar "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); compare <u>Morrison v. Peterson</u>, 809 F.3d 1059, 1070 (9th Cir. 2015) ("Because Morrison does not seek an order that he be allowed DNA testing, but instead seeks to invalidate

the DNA testing statute on federal constitutional grounds, his claim is not barred by Rooker–Feldman.").

The Rooker–Feldman doctrine "bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal [from a state court judgment], but also over the 'de facto equivalent' of such an appeal." Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012). To determine whether a claim constitutes a de facto appeal, a court examines whether "'the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" Id. at 779 (citation omitted). "Thus, we have found claims inextricably intertwined where '" the relief requested in the federal action would effectively reverse the state court decision or void its ruling."'" Id. (citation omitted).

In this federal action, plaintiff seeks the release of DNA evidence that he contends was improperly denied to him in the context of a state court Section 1405 hearing. Plaintiff's claim would succeed only to the extent that the state court wrongly decided the issue before it and any relief would effectively reverse the state court's decision. See Cooper, 704 F.3d at 779.

Therefore, this action is barred by the Rooker-Feldman doctrine.

**C.     Due Process**

Turning now to plaintiff's due process claim, it is important to remember that "[p]rocess is not an end in itself ...." Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 67 (2009) ("Osborne"). Therefore, before determining what process (if any) is due to a prisoner seeking access to potentially exculpatory DNA evidence, a court must determine the extent of the prisoner's liberty interest in proving his innocence after a fair trial has resulted in a conviction. Id.; Morrison v. Peterson, 809 F.3d 1059, 1065 (9th Cir. 2015). In Morrison, the Ninth Circuit held that a California prisoner seeking postconviction DNA testing has a liberty interest in "demonstrating [his] innocence with new evidence under state law." Morrison, 809 F.3d at 1064-65 (citing, *inter alia*, California Penal Code § 1485 (prisoner may be released from custody upon writ of habeas corpus "where there is no legal cause for imprisonment")).

The Supreme Court has emphasized that the liberty interests afforded to a convicted prisoner are not as extensive as the interests enjoyed by "a free man."[1] <u>Osborne</u>, 557 U.S. at 68. Accordingly, the right to due process of a convicted prisoner seeking access to DNA evidence "is not parallel to a trial right, but rather must be analyzed in light of the fact that he has already been found guilty at a fair trial, and has only a limited interest in postconviction relief." <u>Id.</u> at 69. "For those individuals with that narrowed liberty interest, due process does not 'dictat[e] the exact form' of post-conviction assistance a State must provide." <u>Morrison</u>, 809 F.3d at 1065 (quoting <u>Osborne</u>, 557 U.S. at 69). Rather, the procedures a state must provide violate due process "only if they are fundamentally inadequate to vindicate the substantive rights provided." <u>Osborne</u>, 557 U.S. at 69; <u>Morrison</u>, 809 F.3d at 1064-65.

California Penal Code § 1405 provides a mechanism for those convicted of crimes to obtain DNA testing of evidence where such testing is potentially relevant to proving innocence. Under Section 1405, a person who was convicted of a felony and is currently serving a term of imprisonment may move for the performance of forensic DNA testing. Cal. Penal Code § 1405(a). In the motion, the convicted person must include all of the following:

> (A) A statement that he or she is innocent and not the perpetrator of the crime.
>
> (B) Explain why the identity of the perpetrator was, or should have been, a significant issue in the case.
>
> (C) Make every reasonable attempt to identify both the evidence that should be tested and the specific type of DNA testing sought.
>
> (D) Explain, in light of all the evidence, how the requested DNA testing would raise a reasonable probability that the convicted person's verdict or sentence would be more favorable if the results of DNA testing had been available at the time of conviction.
>
> (E) Reveal the results of any DNA or other biological testing that was conducted previously by either the prosecution or defense, if known.
>
> (F) State whether any motion for testing under this section previously has been filed and the results of that motion, if known.

---

[1] In this regard, plaintiff's reliance on any alleged violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and California Penal Code § 1054.1, both of which concern the release of certain evidence by a prosecuting attorney during the course of a criminal prosecution, is inapposite since plaintiff here seeks post-conviction evidence.

Id. at (d)(1). In order to prevail on a Section 1405 request, an applicant must demonstrate a reasonable probability that the results of the requested DNA testing would have led to a more favorable verdict. Cal. Penal Code § 1405(d)(1)(D).

Here, it does not appear that plaintiff is asserting a facial challenge to Section 1405 and, in any event, there are no allegations indicating that § 1405(g)(1) "offend[s] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental, or transgress[es] any recognized principle of fundamental fairness in operation." Morrison, 809 F.3d at 69 (internal quotations omitted). Additionally, plaintiff's claim that defendant has a "policy and practice of not releasing the requested biological evidence" fails as vague and conclusory. There are simply no allegations to suggest that the defendant's opposition to plaintiff's Section 1405 request resulted from a policy or practice that extends to all Section 1405 applicants in Sacramento County as opposed to a determination based on the specific facts of his request. Plaintiff's allegations thus also fail to state a due process claim.

**V.    Leave to Amend**

Pro se litigants in civil rights cases should be given leave to amend their pleadings unless it is absolutely clear that the deficiencies therein cannot be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127–29 (9th Cir. 2000); Mangiaracina v. Penzone, 849 F.3d 1191, 1195 (9th Cir. 2017) ("Pro se complaints may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" (quotation marks and ellipses omitted) ). Here, it does not appear possible for plaintiff to state a viable claim considering the applicability of the Rooker-Feldman doctrine and possibly also the Younger abstention doctrine.

As amendment would be futile, leave to amend should be denied.

**VI.    Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

      3.  The Clerk of Court is directed to assign a district judge to this case; and

      IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 3, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/tidw0212.scrn